UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NATIONAL VIATICAL, INC., as Successor in
Interest to National viatical Trust, Inc.,

      Plaintiff,                    CIVIL ACTION NO. 07-10484

      v.                            DISTRICT JUDGE JULIAN ABELE COOK

UNITED FIDELITY CORP., TCI      MAGISTRATE JUDGE VIRGINIA MORGAN
AGENCY, INC., SURETY MARKETING
SOURCE, L.L.C., DAVID A. GOLDENBERG,
MARK WOLOK, PATRICIA J. ALEX, LORI E.
CHARLTON, JOHN T. ROBERTS, ARIE
KOTLER AND RICHARD KNOLL,

      Defendants.
_____/

## OPINION AND ORDER CONDITIONALLY GRANTING
## MOTION TO SET ASIDE DEFAULT JUDGMENT

This matter is before the court on the motion of three of the defendants (Goldenberg, Surety Marketing, and Alex) to set aside default (now default judgment). The motion was referred to the undersigned for hearing and determination.[1] Oral argument was held before the magistrate judge on May 30, 2007. For the reasons discussed on the record and as stated in this Opinion, IT IS ORDERED that the motions are granted conditionally. The default judgments

---

[1] In this case, the decision will be by order, not Report and Recommendation. This is not a motion for default judgment (arguably dispositive and subject to a Report & Recommendation). Rather, it is a motion for Relief from Default, a non-dispositive motion (at least if granted) and referred by the district court for hearing and determination.

- 1 -

will be set aside under the following conditions: (1) On or before June 6, 2007, defendant David Goldenberg (who is also a lawyer) shall pay to plaintiff's counsel the sum of $500; (2) on or before June 6, 2007, all three defendants–Goldenberg, Alex, and Surety Marketing Source LLC–shall file their answers to the complaint by and through their counsel; and (3) if Mr. McCall is the attorney representing the defendants, he shall file an appearance, be readmitted to the bar of this court by that date, and comply with all electronic filing requirements.[2] Otherwise, other counsel will have to represent defendants and timely file the answer.

*Background*

The court finds the following facts. This case was filed February 7, 2007. Shortly thereafter, plaintiff caused the entry of clerk's defaults, followed quickly thereafter by default judgments. Here, service was proper, defendants knew of the lawsuit, and since Goldenberg is an attorney, were aware of their obligation to file timely. No answer was filed. Although motions were filed for relief, still no attorney has entered an appearance for defendants.

The case arises from defendants' sale of a certain bond to plaintiff. Defendant Goldenberg was a principal and/or general counsel in one or more of the involved entities; Ms. Alex was the person authorized to sign the bond. Plaintiff alleges that it was a "phony bond." Plaintiff paid certain premiums for the bond which upon the occurrence of certain conditions was to have a pay out of $600,000. When the contingencies required for payout were met,

---

[2]Mr. McCall indicates that he was member of the bar of this court and the Michigan bar. He moved to Massachusetts and practiced there, becoming inactive in the Michigan Bar and suspended as result of that from practice in this court. He returned to this area and was reinstated to the Michigan bar in October, 2005. However, he has yet to be reinstated to practice in this court. He states that the matter is pending.

defendants did not pay the moneys due. Plaintiff seeks approximately $969,000–the bond amount plus interest. Defendants contend that the wrong entity has been sued and they have no obligation to pay.

*Analysis*

With respect to this procedural motion, defendant relies on FRCP Rule 55(c) which provides that default may be set aside for good cause shown. Rule 60(b) is the proper vehicle to request relief from a default judgment. Under Rule 60(b)(1), relief may be granted from a default judgment upon a showing that it was a result of mistake, inadvertence, surprise, or excusable neglect." Setting aside a default or default judgment is left to the sound discretion of the court. Wright, Miller & Kane, Civil Practice and Procedure 3rd (hereinafter WMK) §2693, Insurance Co. of North America v. Morrison, 154 F.R.D. 278 (D.C. FL 1994), citing Wright, Miller & Kane, Civil Practice and Procedure. Courts uniformly consider whether defendant has a meritorious defense, the timing of the motion for relief, and the prejudice that may occur to the non-defaulting party if relief is granted. WMK §2694 There is a strong policy in favor of resolution of genuine disputes on their merits. Holford USA Ltd., Inc. v. Harvey, 169 F.R.D. 41 (D.C. NY 1996). There is no abuse in setting aside a default judgment when the default was in filing the answer only two days late. Mannke v. Benjamin Moore & Co., 375 F.2d 281 (3rd Cir. 1967).

The court recognizes that vacating a default judgment duly entered without fraud or overreaching is not an action which the court should take arbitrarily or as a courtesy or favor to the losing party. Gomes v. Williams, 420 F.2d 1364 (10th Cir. 1970), Wright, Miller & Kane,

§2692. Nevertheless, federal judges tend to view default judgments with disfavor and favor trials on the merits. Id.

In this case, plaintiff has moved quickly to obtain defaults and default judgments. The whole case is less than four months old. This procedural posture would normally transfer the burden to defendants to show why relief should be granted. While the court is sympathetic to plaintiff's position given the underlying allegations, it appears that the rapidity of the default and default judgment could be said to be overreaching. On the other hand, despite protestations by defense counsel that there is a meritorious defense–no facts were proffered which would support the denial of breach of contract. Further, Mr. Goldenberg claimed a need for additional time to get a lawyer; he has now apparently hired Mr. McCall. Mr. McCall has yet to file an appearance or answer. Defendants cannot ignore with impunity the time limits in the rules. The court is not inclined to delay the collection of a genuine debt and will not be inclined to grant further extensions to defendants unless a meritorious defense is shown. Both sides have a right to litigate so long as there is compliance with the Federal Rules of Civil Procedure; Mr. Goldenberg has not done that. Thus, sanctions are imposed against him for the delay and unnecessary motion practice. All aspects of the case are appropriately litigated in this action through means of discovery, motions, and trial if appropriate, not on the basis of procedural battles avoiding the merits. Both plaintiff and defendants are to be accorded due process of law.

*Holding*

Therefore, the court grants the motion conditionally. The defaults and default judgments will be set aside so long as the following conditions are met:

- (1) On or before June 6, 2007, defendant and attorney David Goldenberg shall pay to plaintiff's counsel the sum of $500;

- (2) On or before June 6, 2007, all three defendants–Goldenberg, Alex, and Surety Marketing Source LLC–shall file their answers to the complaint by and through their counsel; and

- (3) If Mr. McCall is the attorney representing the defendants, he shall file an appearance, be readmitted to the bar of this court by that date, and comply with all electronic filing requirements.[3] Otherwise, defendants must obtain other counsel. The answer is due June 6, 2007.

So Ordered.

        S/VIRGINIA M. MORGAN
        VIRGINIA M. MORGAN
        UNITED STATES MAGISTRATE JUDGE

Dated: May 31, 2007

PROOF OF SERVICE
The undersigned certified that the foregoing document was served upon counsel of record via the court's ECF system and/or U. S. Mail on May 31, 2007.
        S/Barbara M. Radke
        Secretary to Magistrate Judge Virginia M. Morgan

---

[3] The court notes that some of the documents in this case file by Mr. McCall were not filed electronically. He will need to reinstate his status as an attorney of this court so that he can meet the court's mandatory electronic filing requirements.